

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| MARYSE WATERS, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 8:08-2899-HFF |
| § | |
| NEILE N. ROSS, as Personal Representative § | |
| of the Estates of Frances T. Noblin and § | |
| Raymond Sonny Noblin, and the CITY OF § | |
| ABBEVILLE, SOUTH CAROLINA, § | |
| Defendants. § | |

## ORDER REMANDING TO STATE COURT

### I.     INTRODUCTION

This personal injury case was removed to federal court on the basis of federal question jurisdiction. Currently pending before the Court is Plaintiff's motion to remand to state court. Having carefully considered the motion, the responses, the record, and the applicable law, it is the judgment of this Court that the action will be remanded to state court.

### II.    FACTUAL AND PROCEDURAL HISTORY

This case arises out of injuries Plaintiff allegedly received from an encounter with a dog owned by her now-deceased neighbors Raymond Sonny Noblin and Frances Noblin. Plaintiff alleges that the Noblins failed to control and restrain their dog and failed to exercise the degree of care that a reasonable and prudent person would have exercised over the animal. Plaintiff further alleges that Defendant City of Abbeville, South Carolina (Defendant City) knew about the

dangerous disposition of the dog and failed to take action that would have prevented her injuries.

Plaintiff originally filed this action in the Abbeville County Court of Common Pleas on July 17, 2008. In her original Complaint, Plaintiff alleged eight causes of action, all arising under South Carolina law except the eighth claim labeled, "Violation of US Code 1983 and SC Code 16-5-60." In support of this claim, Plaintiff alleged

> That Plaintiff, as a citizen of the United States, was deprived of her rights, privileges and immunities secured by the Constitution and laws by the blatant disregard of the City Defendants in not adhering to its own ordinances, statutes, laws and guidelines in failing to address the hearing [sic] for the vicious dog at issue and allowing the vicious dog to remain alive and able to attack any reasonable person including the Plaintiff herein.

Pl.'s Compl. ¶ 44. However, Plaintiff filed an Amended Complaint in state court deleting any reference to "U.S. Code 1983" on August 21, 2008. Because dates are important to the Court's resolution of this motion, they are set forth in detail below:[1]

**July 21, 2008**–Defendant Ross was served with a copy of Plaintiff's original Complaint.

**August 19, 2008**–Defendant City filed a notice of removal in this Court, arguing that federal question jurisdiction was proper based on the presence of the § 1983 claim.

**August 21, 2008** (11:48 a.m.)–Defendant City filed an Answer to Plaintiff's Complaint.

**August 21, 2008** (3:19 p.m.)–Plaintiff filed an Amended Complaint in state court, deleting any reference to "US Code 1983."

---

[1]When it became clear that resolution of this motion hinged upon the timing of certain events, the Court submitted interrogatories to the Defendants asking when Defendant Ross was served and when Defendant City filed a copy of the notice of removal in state court. Those answers are included in the timeline.

**August 21, 2008** (4:51 p.m.)–Plaintiff filed a motion to remand to state court in this Court, and included a copy of the Amended Complaint.

**August 22, 2008** (9:40 a.m.)–Defendant City filed a copy of the notice of removal with the Abbeville County Clerk of Court.

**August 25, 2008**–Defendant Ross filed an Answer to Plaintiff's Complaint, constituting Ross' first appearance in this Court.

### III.     STANDARD OF REVIEW

A party seeking removal bears the burden of establishing the existence of federal jurisdiction. *Mulachey v. Columbia Organic Chems. Co*, 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction raises significant federalism concerns, a district court must strictly construe removal jurisdiction. *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). Further, if federal jurisdiction is in doubt, remand to state court is necessary. *Mulachey,* 29 F.3d at 151.

### IV.     CONTENTIONS OF THE PARTIES

In her motion to remand, Plaintiff relies heavily on the Amended Complaint to argue that federal question jurisdiction does not exist because there is no federal claim on the face of the well-pleaded (amended) complaint. Defendant City responds by arguing that the cause of action remains the same, even if Plaintiff has changed the labels. Plaintiff further argues that remand is necessary because Defendant Ross failed to join in removal. Defendant Ross, on behalf of the estates of the Noblins, also filed a response in support of removal. Defendant Ross argues that the state court lost jurisdiction to even consider the Amended Complaint because the case had already been removed to federal court. Defendant Ross further argues that even though the causes of action asserted

against it are based entirely on state law, supplemental jurisdiction over Defendant Ross's claims is proper.

## V.     DISCUSSION AND ANALYSIS

Because it is dispositive of the motion, the Court will first address Plaintiff's argument that the motion to remand should be granted because all defendants did not join in the initial removal.

The Record in this case makes clear that Defendant City was the only defendant to sign the notice of removal from state court. In that notice, Defendant City acknowledged that there was another Defendant in this lawsuit, but stated that it was unable to locate that defendant or its counsel. Counsel for Defendant City also declared, "It is the undersigned's understanding that said Defendant has thirty (30) days to consent to this Notice of Removal." This prompted Plaintiff's counsel to move to remand the case, in part, because all Defendants failed to join in removal. In its response to Plaintiff's motion to remand, Defendant City failed to address Plaintiff's contention that all defendants must join in removal. Defendant Ross, however, addressed Plaintiff's argument in a footnote, declaring, "Plaintiff also contends that the Defendants did not uniformly seek removal as required. However, this Defendant formally and timely consented to the removal *in her Answer*." (Def. Ross' Opp'n to Mot. to Remand (emphasis added).)

The procedure for removal is governed by 28 U.S.C. § 1446. Subsection (b) of that statute provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

This provision fails to explain how time is to be calculated in actions like this one, involving multiple defendants.

However, the Fourth Circuit has addressed this issue. In a case involving facts similar to this case, the Fourth Circuit held, "that under 28 U.S.C. § 1446(b), individual defendants have thirty days from the time they are served with process or with a complaint to join an otherwise valid removal petition." *McKinney v. Board of Trustees of Maryland Community College*, 955 F.2d 924, 928 (4th Cir. 1992). In *McKinney*, like here, defendants who were served first filed a notice of removal in state court and failed to include all defendants in that notice of removal. *Id.* at 925. Based on this failure, Plaintiff's argued that the case should be remanded. *Id.* However, the Court rejected this argument, explaining that defendants who failed to join in the initial removal, could still join *so long as* they did so within thirty days of service. *Id.* at 928. *McKinney* has been followed in numerous district courts in this Circuit. *See e.g.*, *Crockett v. GMC*, No. 08-469, 2008 U.S. Dist. LEXIS 100904 (E.D. Va. Dec. 15, 2008) (applying *McKinney* and remanding case to state court); *Branch v. Coca-Cola Bottling Co. Consol.*, 83 F. Supp. 2d 631, 636-37 (D.S.C. 2000) (discussing *McKinney* and remanding case to state court where first served defendant failed to remove within thirty days of service).

Because the dates of service in this case were unclear from the initial record, the Court sent an interrogatory to Defendant Ross asking when she was served. Defendant Ross responded with a copy of an affidavit of service, indicating that Defendant Ross was served with the summons and complaint on July 21, 2008. Applying the rule from § 1446(b) as interpreted by *McKinney*, Defendant Ross must have joined in removal by August 21, 2008. However, Defendant Ross, by

5

her own admission, failed to join until August 25, 2008, when she filed an answer in this Court. Thus, Defendant Ross failed to timely join in the removal.

Courts have held that failure of even one defendant to timely join in the notice of removal justifies remand to state court.[2] *London v. United States Fire Ins. Co.*, 531 F.2d 257, 260 (5th Cir. 1976) ("[T]he failure to comply with the statutory time requirements is the sort of defect which the District Court was entitled to consider and which caused [the case] to be improvidently removed . . . ."); *see also McKinney*, 955 F.2d at 925 ("If the defendant does not act within thirty days, the case may not be removed."). Therefore, Plaintiff's motion to remand will be granted because Defendant Ross failed to join in the removal within the thirty days required by statute.

Having concluded that Defendant Ross failed to timely join in removal, the Court need not reach the more complex question of whether the original Complaint or the Amended Complaint is properly before the Court.

## VI.   CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that Plaintiff's motion to remand is **GRANTED** and this action is **REMANDED** to the Court of Common Pleas of Abbeville County for further proceedings.

---

[2]Although there is authority for the position that failure to timely join can be waived by a plaintiff, Plaintiff has not waived this argument, asserting in her brief that remand is warranted because removal requires unanimity among defendants.

**IT IS SO ORDERED**.

Signed this 2nd day of February, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE
